# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DENIS TERNENGE AKAAZUA,

Defendant-Appellant.

UNPUBLISHED
October 18, 2016

No. 326429
Kent Circuit Court
LC No. 13-011954-FH

Before: SHAPIRO, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Defendant, Denis Ternenge Akaazua, appeals as of right his jury trial conviction of larceny by conversion, MCL 750.362. The trial court sentenced defendant to 7 months in jail for his conviction. Because there was sufficient evidence to support defendant's conviction, we affirm.

Defendant had a business performing accounting services. He prepared 2010 income tax returns for a client, filed them in October 2011, received the tax refund money into his bank account in November 2011, and then kept the money. When the client repeatedly asked if the refunds had been received, defendant put the client off, until the client finally went to the police in the summer of 2013.

On appeal, defendant argues that there was insufficient evidence to support that he acted with the intent to permanently deprive the owners of their money, as is necessary for a conviction of larceny by conversion. We disagree.

An appeal based on the sufficiency of the evidence is reviewed de novo. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). When considering the sufficiency of the evidence, this Court views the evidence in the light most favorable to the prosecution and determines whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *Id*. at 9.

Defendant was convicted of larceny by conversion under MCL 750.362, which states as follows:

Any person to whom any money, goods or other property, which may be the subject of larceny, shall have been delivered, who shall embezzle or fraudulently

-1-

convert to his own use, or shall secrete with the intent to embezzle, or fraudulently use such goods, money or other property, or any part thereof, shall be deemed by so doing to have committed the crime of larceny and shall be punished as provided in the first section of this chapter.[1]

The elements of larceny by conversion are (1) the property at issue has some value; (2) the property belonged to someone other than the defendant; (3) someone delivered the property to the defendant; (4) the defendant embezzled, converted to his own use, or hid the property with the intent to embezzle or fraudulently use it; and (5) at the time the property was embezzled, converted, or hidden, the defendant intended to defraud or cheat the owner permanently of that property. *People v Mason*, 247 Mich App 64, 72; 634 NW2d 382 (2001). "Stated more simply, larceny by conversion occurs where a person obtains possession of another's property with lawful intent, but subsequently converts the other's property to his own use." *Id.* (citation and quotation marks omitted).

Defendant does not contest that there was sufficient evidence establishing the first four elements, but he argues that there was insufficient evidence that he acted with the intent to defraud or cheat the owner out of his property permanently as necessary to satisfy the fifth element of larceny by conversion. "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

In this case, defendant's bank records revealed that the victims' $17,078 in tax refunds was deposited into defendant's account on November 2011, $16,353 of which belonged to the victims (defendant charged a $725 preparation fee). The victims regularly inquired about the status of the money, but defendant maintained that he never received the money until June 2013. When the victims obtained information concerning their federal tax refund from the IRS and confronted defendant with evidence that the money had been deposited into defendant's account over 18 months earlier, despite promises to pay the money he owed, defendant still failed to pay the victims any of their money. Viewed in the light most favorable to the prosecution, the evidence that defendant possessed the money for over 18 months but told the victims that he did not have it provided a sufficient basis for the jury to conclude that defendant acted with intent to defraud. *Henderson*, 306 Mich App at 9. Defendant's contention that he did not know that the money had been deposited is subject to a credibility determination by the jury, to which we defer. *Id*.

Furthermore, defendant admitted that he received the refunds but did not give the victims the money he owed them. A police detective testified that defendant indicated that he did not give the victims the money because he loaned the money to another but was not paid back for

---

[1] This refers to MCL 750.356.

those loans and he had no other way to pay the victims. There was also testimony at trial that defendant had renovated a house, purchased a house, travelled to Nigeria, and hosted a large party in the period of time after he received the tax refund money. This evidence viewed in the light most favorable to the prosecution supports that defendant obtained possession of the tax refund but then wrongfully converted it to his own use, which is sufficient to support a conviction of larceny by conversion. *Mason*, 247 Mich App at 72. Because minimal circumstantial evidence suffices to establish defendant's state of mind, the evidence in this case was sufficient to support that defendant acted with the intent to defraud and was guilty of larceny by conversion. *Kanaan*, 278 Mich App at 622.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto